IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONNA RAY, on behalf of herself and others similarly situated, | CIVIL ACTION |
| Plaintiff, | NO. _____ |
| v. | JURY TRIAL DEMANDED |
| KRAPF'S COACHES, INC., | |
| Defendant. | |

## COMPLAINT

Plaintiff Donna Ray ("Plaintiff"), on behalf of herself and all others similarly situated, brings this lawsuit against Defendant Krapf's Coaches, Inc. ("Defendant"), seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act of 1968 ("PMWA"), 43 P.S. §§ 333.101, *et seq.*  The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§ 1331.

2. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff is an individual residing at 49 West Central Ave., Paoli, Pennsylvania 19301 (Chester County).

5. Defendant Krapf's Coaches, Inc. is a Pennsylvania corporation maintaining a principal place of business at 495 Thomas Jones Way, Suite 300, Exton, Pennsylvania 19341 (Chester County).

6. Defendant employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person.

7. Defendant employs over 50 employees, and its annual gross volume of business done exceeds $500,000 (exclusive of excise taxes at the retail level which are separately stated).

8. Defendant is an employer covered by the record-keeping, minimum wage, wage payment, and overtime mandates of the FLSA and/or the PMWA.

**THE RELEVANT TIME PERIOD**

9. The FLSA and PMWA permit Plaintiff to recover unpaid wages and liquidated damages for up to three years prior to the filing of this lawsuit. Accordingly, the allegations set forth herein concern the employment of Plaintiff and others similarly situated by Defendant since October 23, 2005.

**FACTS PERTAINING TO PLAINTIFF**

10. Defendant is a bus company that owns and operates a "ROVER" division in Chester County, Pennsylvania. The ROVER division is "a County-wide transportation service partially funded by the Pennsylvania State Lottery and the Commissioners of Chester County." Defendant advertises that it has "77 shuttles moving daily" throughout Chester County that can transport residents to and from their destination(s) of choice on an individual basis for as little as 75 cents.

11.     Plaintiff was employed by Defendant as a shuttle driver in Defendant's ROVER division from in or around April 19, 2006 until in or around April 24, 2008. During this time Plaintiff was compensated by Defendant with an hourly wage of approximately $12.15.

12.     Plaintiff's employment within Defendant's ROVER division was spent driving Chester County residents to and from destinations within Pennsylvania and, more specifically, the borders of Chester County, Pennsylvania.

13.     Throughout her employment in Defendant's ROVER division, Plaintiff regularly worked over 40 hours per workweek.

14.     Defendant failed to pay Plaintiff overtime compensation during her employment in its ROVER division calculated at one-and-one-half-times her regular hourly rate of pay for each hour over 40 in a workweek. Instead, Plaintiff merely received her straight hourly wage of $12.15 for such overtime hours.

15.     Upon information and belief, Defendant has employed approximately 100 other shuttle drivers within its ROVER division during the relevant time period. These individuals are referred to herein as "the Drivers." Like Plaintiff, the Drivers spent their employment with Defendant's ROVER division driving Chester County residents to and from destinations within the borders of Chester County, Pennsylvania. Defendant failed to compensate the Drivers the legally mandated overtime premium for hours worked over 40 in a workweek.

16.     In failing to pay Plaintiff and the Drivers the legally mandated overtime premium for hours worked over 40 in a workweek, Defendant acted willfully and with reckless disregard of clearly applicable FLSA and PMWA provisions.

## COLLECTIVE ACTION ALLEGATIONS

17. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following class of potential opt-in litigants:

> All individuals who were employed by Defendant as drivers within Defendant's "ROVER" division who worked over 40 hours during any workweek since October 23, 2005.

18. Plaintiff desires to pursue her FLSA and PMWA claims on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).[1]

19. Plaintiff and the above class members are "similarly situated," as that term is defined in 29 U.S.C. § 216(b), because, *inter alia*, all proposed class members worked pursuant to Defendant's previously described common business practices and, as a result of such practices, were not actually paid the legally mandated overtime premium for overtime hours actually worked. Resolution of this action requires inquiry into many common facts, including, *inter alia*, Defendant's common compensation, timekeeping, and payroll practices.

## COUNT I

### (Alleging Violations of the FLSA)

20. All previous paragraphs are incorporated as though fully set forth herein.

21. The FLSA requires that covered employees be compensated for every hour worked in a workweek. *See* 29 U.S.C. § 206(b).

22. The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" their regular rate of pay for all hours worked over 40 in a workweek. *See* 29 U.S.C. § 207(a)(1).

---

[1] Plaintiff does ***not*** pursue her PMWA claim as an opt-out class action pursuant to Federal Rule of Civil Procedure 23.

23. During all relevant times, Plaintiff and the class were covered employees entitled to the above-described FLSA protections.

24. Defendant violated the FLSA by failing to pay Plaintiff and the class the legally mandated overtime premium.

25. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT II

### (Alleging Violations of the PMWA)

26. All previous paragraphs are incorporated as though fully set forth herein.

27. The PMWA requires that covered employees be compensated for every hour worked in a workweek. *See* 43 P.S. § 333.104(a).

28. The PMWA requires that employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a workweek. *See* 43 P.S. § 333.104(c).

29. During all relevant times, Plaintiff and the class were covered employees entitled to the above-described PMWA protections.

30. Defendant violated the PMWA by failing to pay Plaintiff and the class the legally mandated overtime premium.

31. In violating the PMWA, Defendant acted willfully and with reckless disregard of clearly applicable PMWA provisions.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks the following relief on behalf of herself and, with respect to her FLSA claim, all others similarly situated:

    A.     An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

    B.     Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential class members;

    C.     An injunction prohibiting Defendant from engaging in future violations of the FLSA and PMWA;

    D.     Back pay damages and prejudgment interest to the fullest extent permitted under the law;

    E.     Liquidated damages to the fullest extent permitted under the law;

    F.     Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

    G.     Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial as to all claims so triable.

Date:  October 23, 2008            /s/ Peter Winebrake
                                            Peter Winebrake
                                            THE WINEBRAKE LAW FIRM, LLC
                                            Twining Office Center, Suite 114
                                            715 Twining Road
                                            Dresher, PA 19025
                                            Phone:  (215) 884-2491

                                            /s/ R. Andrew Santillo
                                            R. Andrew Santillo
                                            THE WINEBRAKE LAW FIRM, LLC
                                            Twining Office Center, Suite 114
                                            715 Twining Road
                                            Dresher, PA 19025
                                            Phone:  (215) 884-2491